**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUIS PANTOJA,**

                **Plaintiff,**

-vs-                                            **Case No. 6:10-cv-1023-Orl-31GJK**

**RENT-A-CENTER, INC.,**

                **Defendant.**

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Rent-A-Center, Inc. ("Defendant"), Motion to Dismiss or, in the alternative, Motion to Stay Proceedings and Compel Arbitration (the "Motion") (Doc. 5), and Plaintiff's, Luis Pantoja ("Plaintiff"), response in opposition thereto (the "Response") (Doc. 9).

**I. Overview**

On June 4, 2010, Plaintiff brought suit in state court alleging, *inter alia*, that Defendant discriminated against him on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964.[1]  (Doc. 2).  On July 8, 2010, Defendant timely removed the case to federal court. (Doc. 1).[2]

In its Motion, Defendant contends that pursuant to the parties' arbitration agreement all of Plaintiff's claims are subject to arbitration. (Doc. 5).  Furthermore, Defendant contends that the question of arbitrability is for the arbitrator and not the Court. (Doc. 5 at 4).

---

[1] *See* 42 U.S.C. § 2000e *et seq*.

[2] Defendant was never served with a copy of the Summons and Complaint. (Doc. 1 at 1, ¶2).

For the reasons, *infra*, Defendant's Motion will be granted. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Applicable Law

### A. Motions to Dismiss

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative

level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

### B. The Federal Arbitration Act

In pertinent part, the Federal Arbitration Act[3] provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Arbitration is a matter of contract law. *Rent-A-Center, West, Inc. v. Jackson*, - - - U.S. - - -, 120 S. Ct. 2772, 2776 (2010) (citations omitted). While arbitration agreements may be invalidated by generally applicable contract defenses such as fraud, duress or unconscionability, the FAA requires courts to enforce arbitration agreements according to their terms. *Id*. Furthermore, where there is clear and unmistakable evidence that the parties agreed to arbitrate the gateway question of arbitrability, the arbitrator – not the court – has the exclusive authority to decide whether an agreement to arbitrate is enforceable. *Id*. at 2778 n.1 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Finally, if a movant seeks to compel arbitration on the basis of a gateway provision delegating the question of arbitrability to the arbitrator, the respondent must assail that specific provision of the parties' agreement – not the validity of the contract as a whole. *Id*. at 2778-81.

---

[3]*See* 9 U.S.C. § 1 *et seq*. [hereinafter, the "FAA"].

### III. Discussion

The parties' arbitration agreement, which is the same agreement recently enforced by the United States Supreme Court in *Rent-A-Center, West, Inc.*, provides, in pertinent part:

> The Arbitrator, and not any federal, state, or local court or agency shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to any claim that all or part of this Agreement is void or voidable. . . .

(Doc. 5-2 at 2-3).

In his Response, Plaintiff concedes that he executed the parties' arbitration agreement, (Doc. 9 at 3-4), but contends that he had "no bargaining power" and that the entire agreement is therefore unconscionable. (Doc. 9 at 4).[4] Plaintiff does not address or even mention the foregoing delegation provision – he simply assails the parties' agreement as a whole.

For the reasons stated in *Rent-A-Center, West, Inc.*, Defendant's Motion will be granted. The parties' clearly and unmistakably agreed that the arbitrator – and not the Court – would decide all questions regarding the arbitrability and enforceability of their agreement.

### IV. Conclusion

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion (Doc. 5) is **GRANTED**;

2. The parties shall arbitrate this dispute;

---

[4]Plaintiff's five page Response is not couched in terms of procedural or substantive unconscionability; makes no reference to Florida law regarding unconscionability; and appears to include portions of a response filed in a wholly unrelated case that is totally inapposite to the issues at hand. (Doc. 9 and 3-4).

   3.  This case is hereby **DISMISSED**; and

   4.  The Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 30, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                                **GREGORY A. PRESNELL**
                                          **UNITED STATES DISTRICT JUDGE**